# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-31200

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

TYWASKI KING,

> Plaintiff – Appellee,

v.

JAMES M. LEBLANC, individually and in his official capacity; JERRY GOODWIN, individually and in his official capacity; JOHN HUEY, individually and in his official capacity; GARY CARTER, individually and in his official capacity,

> Defendants – Appellants.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-1745

Before ELROD, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:*

Tywaski King, an inmate, sued two correctional officers for their failure to protect him from another inmate after the officers left King handcuffed in the cell and allegedly ignored his need for protection. The district court denied the officers' assertion of qualified immunity and denied summary judgment,

---

* Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 18-31200

holding that whether the officers knew that King was restrained and needed protection was a genuinely disputed issue of material fact. In this interlocutory appeal, the officers appeal the denial of qualified immunity. Because the officers only challenge the genuineness of the fact dispute at issue, we DISMISS the appeal for lack of jurisdiction.

I.

King is an inmate at David Wade Correctional Center in Homer, Louisiana.[1] King was placed on suicide watch and, as a result, "stripped of all implements that might assist suicide, including clothing." It is undisputed that King was left in his cell restrained with handcuffs. Another inmate, Willie Rose who was a known violent offender, was assigned to King's cell. Rose physically attacked King who was unable to defend himself because of the restraints.

King alleges that Captain John Huey "had personal knowledge of Rose's intent to attack [King]" and "placed [Rose] in the cell for that purpose." Huey submitted an affidavit stating that he did not know that King was still handcuffed after leaving Rose in the cell with him and that the handcuffs were left on King inadvertently. King, however, testified in deposition that he called out to Huey asking him to take the handcuffs off him. King similarly alleges that Lieutenant Gary Carter, who was responsible for checking on the inmates in their cells, ignored the substantial risk of violence that King faced, failed to monitor King's cell, and failed to intervene properly. Carter denied that he knew of King's handcuffs, but King testified in deposition that Carter was close in proximity to Huey when King called out to Huey about the handcuffs.

---

[1] We recite the facts as how the district court recited them. At this procedural posture, "we have jurisdiction only to decide whether the district court erred in concluding as a matter of law that officials are not entitled to qualified immunity on a given set of facts." *Kinney v. Weaver*, 367 F.3d 337, 347 (5th Cir. 2004) (en banc).

No. 18-31200

King commenced a 42 U.S.C. § 1983 lawsuit against Huey and Carter, alleging Eighth Amendment violations.[2]  The officers moved for summary judgment, asserting qualified immunity.  The district court denied summary judgment, holding that "there [were] genuine disputes of material fact" as to King's failure-to-protect claim under the Eighth Amendment.  The district court observed that "[i]t [was] undisputed that King was left in the cell handcuffed and stripped of clothing while Rose was unrestrained."  The district court determined that "[t]he factual issue preventing summary judgment [was] whether [the officers] knew, and/or at what point they knew," that King was left in the cell restrained with a known violent offender.  The district court also concluded that there was a genuine dispute of material fact "as to whether [the officers] heard King calling out about the handcuffs and chose to ignore King, leaving him in the same cell as a known violent offender."

The district court further concluded that it was clearly established before 2016 that correctional officers should not leave inmates restrained alone in the same cell with another inmate who is unrestrained and has a reputation for violence.  *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (holding that a prison official's "deliberate indifference" to a substantial risk of harm to an inmate gives rise to a failure-to-protect claim); *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (en banc) (same); *Stokes v. Delcambre*, 710 F.2d 1120, 1124 (5th Cir. 1983) (holding that "failure to control or separate prisoner who

---

[2] King had also named as defendants Jerry Goodwin, the warden, and James LeBlanc, the Secretary of the Louisiana Department of Public Safety and Corrections, alleging that their policies, practices, and customs led to his injuries.  The district court granted summary judgment in favor of Goodwin and LeBlanc, holding that "there was no direct causal link between [the relevant] policies and the alleged violation of King's constitutional rights."  King has not appealed the summary judgment in Goodwin and LeBlanc's favor.

No. 18-31200

endanger the physical safety of other prisoners can constitute cruel and unusual punishment").

## II.

"Whenever the district court denies an official's motion for summary judgment predicated upon qualified immunity, the district court can be thought of as making two distinct determinations, even if only implicitly." *Kinney v. Weaver*, 367 F.3d 337, 346 (5th Cir. 2004) (en banc). "First, the district court decides that a certain course of conduct would, as a matter of law, be objectively unreasonable in light of clearly established law." *Id.* "Second, the court decides that a genuine issue of fact exists regarding whether the defendant(s) did, in fact, engage in such conduct." *Id.* "[W]e lack jurisdiction to review conclusions of the *second* type on interlocutory appeal": "Stated differently, in an interlocutory appeal[,] we cannot challenge the district court's assessments regarding the sufficiency of the evidence—that is, the question whether there is enough evidence in the record for a jury to conclude that certain facts are true." *Id.* at 346–47. We have made it clear time and time again that "we lack jurisdiction to resolve the 'genuineness of any factual disputes'"; we may only review whether the factual disputes are material. *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting *Kovacic v. Villarreal*, 628 F.3d 209, 211 n.1 (5th Cir. 2010)). Thus, we must dismiss an interlocutory appeal for lack of jurisdiction if the officials challenge the genuineness, and not the materiality, of the fact dispute. *Kinney*, 367 F.3d at 347.

The officers do not challenge any part of the district court's legal analysis but, instead, focus on the district court's determination that there was a fact issue as to whether the two officers were deliberately indifferent. The disputed facts concern whether the officers knew of King's restraint and that he needed protection from Rose, and these disputed facts are material to the qualified immunity analysis: If the officers did not know, then King's failure-to-protect

claim fails.  The officers' brief challenges the genuineness of the fact dispute by arguing that certain facts are undisputed.  The officers argue:  (1) that the record establishes that King did not inform the officers that he was still handcuffed before they left his cell; (2) that King at no time expressed his need for protection from Rose; and (3) that they made rounds around the cells and intervened promptly once they saw the altercation between Rose and King.  Blue Br. at 26 (arguing that King "did not inform [the officers] that he was still handcuffed before they left"); *id.* at 27 (asserting that King failed to inform the officers that he needed protection).  However, the district court determined that there was contrary evidence in the record on each of these points.  We lack jurisdiction to review the genuineness of the material-fact dispute in an interlocutory appeal such as this one.  *Kinney*, 367 F.3d at 347.

We DISMISS the officers' interlocutory appeal for lack of jurisdiction.  Because we dismiss the appeal for lack of jurisdiction, we express no views on the merits.